1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11
ERNEST THOMAS,

12
           Plaintiff,

13
    v.

14
JANE DOE,

15
           Defendant.

16

Case No. 1:24-cv-01319-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE

(Doc. No. 16)

17
       Pending before the Court is Plaintiff's renewed Motion to Compel.[1]  (Doc. No. 16).

18
Citing CDCR regulations, Plaintiff requests the Court to order the unknown and unserved

19
Defendants to provide him access to certain surveillance video and body camera footage from

20
October 27, 2023 through October 30, 2023.  (*Id*. at 4).  Plaintiff claims this video evidence is

21
necessary to refute statements made in response to his grievance and prove the veracity of factual

22
allegations he made in is First amended Complaint.  (*Id*.).

23
       The Federal Rules of Civil Procedure distinguish between parties and non-parties in

24

25
[1] This is Plaintiff's second motion to compel Defendants to produce the same material: Building Two "A"

26
Yard video footage from October 27, 2023 through October 30, 2023.  (*Compare* Doc. No. 10, *with* Doc. No. 16).  Relatedly, the Court previously took issue with Plaintiff's contradictory timeline regarding Jane Doe in the Court's first screening order.  (*See* Doc. No. 5 at 6).  However, the Court subsequently noted in

27
its Second Screening Order that the date of the blood draw (and whether it occurred on October 27 or October 30) was immaterial to its determination that the FAC failed to state a viable claim. (Doc. No. 12 at

28
4 n.3, 6-7).

1

establishing available discovery devices and remedies. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Although Plaintiff relies on CDCR regulations, cases in federal courts are governed by the Federal Rules of Civil Procedure. Generally, when a party fails to comply with a proper discovery request, the non-offending party moves under Rule 37 to compel compliance. Fed. R. Civ. P. 37 (a)(1). Alternatively, Rule 45 subpoenas are used to obtain documents or testimony from non-parties. Fed. R. Civ. P. 45. Because Plaintiff seeks an order compelling disclosure of CDCR video footage, which would be in the possession or under the control of a party if this case were to proceed, the Court construes the pleading as a motion to compel discovery.

To the extent Plaintiff seeks to identify a "genuine issue[] of material fact" for "the jury," he is several steps ahead of where the case currently stands procedurally. (Doc. No. 16 at 3). In the interest of judicial economy, the Court typically does not begin the discovery process until the operative complaint has been screened, any eligible defendants have been served, and those defendants have answered the complaint. *See Hernandez v. Williams*, 2019 WL 5960089 (S.D. Cal. April 27, 2022); *see also Somoza v. Dir. of California Dep't of Corr. & Rehab.*, 2022 WL 2359679, at *1 (E.D. Cal. June 30, 2022) ("Discovery will commence only after defendants have appeared in this action . . .. Plaintiff's first amended complaint must be screened and found to state cognizable claims prior to service on any defendant." (citing 28 U.S.C. § 1915A)). Because no party has yet been served, let alone been made subject to a discovery and scheduling order, Plaintiff's renewed motion to compel discovery is premature. Accordingly, Plaintiff's Motion to Compel is denied. To the extent Plaintiff wishes CDCR to preserve the video footage, he should make such a request directly to CDCR, as appropriate.

According, it is **ORDERED**:

Plaintiff's renewed motion to compel (Doc. No. 16) is DENIED as premature.

Dated:   May 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE