UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01319-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL VIDEO SURVEILLANCE AND EX PARTE MOTION FOR DISCOVERY AS PREMATURE<br><br>(Doc. Nos. 21, 22) |

　　　　Pending before the Court is Plaintiff's third Motion to Compel[1] (Doc. No. 21) and Ex Parte Motion for Discovery (Doc. No. 22) filed July 28, 2025.  Plaintiff again requests the Court to order the unknown and unserved Defendants to provide him access to certain surveillance video and body camera footage from October 27, 2023 through October 30, 2023 (Soc. No. 21 at 2-4) and asks for discovery to obtain medical records from October 30, 2023 through September 30, 2024 related to his surgery in order that he may ascertain the name of John Doe Defendants (Doc. No. 22 at 1-2).

　　　　As previously advised, the Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices and remedies.  *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010).  Because Plaintiff seeks an

---

[1] This is Plaintiff's third motion to compel Defendants to produce the same material: Building Two "A" Yard video footage from October 27, 2023 through October 30, 2023.  (*See* Doc. Nos. 10, 16).

1

order compelling disclosure of CDCR video footage or his medical records, both of which would be in the possession or under the control of a party if this case were to proceed, the Court construes the pleading as a motion to compel discovery under Federal Rule 37.

Again, to the extent Plaintiff seeks to identify a issues of material facts for the jury, he is several steps ahead of where the case currently stands procedurally.  The Court typically does not begin the discovery process until the operative complaint has been screened, any eligible defendants have been served, and those defendants have answered the complaint.  *See Hernandez v. Williams*, 2019 WL 5960089 (S.D. Cal. April 27, 2022); *see also Somoza v. Dir. of California Dep't of Corr. & Rehab.*, 2022 WL 2359679, at *1 (E.D. Cal. June 30, 2022) ("Discovery will commence only after defendants have appeared in this action . . .. Plaintiff's first amended complaint must be screened and found to state cognizable claims prior to service on any defendant." (citing 28 U.S.C. § 1915A)).  Because no party has yet been served, let alone been made subject to a discovery and scheduling order, Plaintiff's renewed motion to compel discovery is premature.  Thus, if Plaintiff wishes CDCR to preserve the video footage, he should make such a request directly to CDCR, as appropriate.

Regarding the John Doe medical defendants, as previously advised, the use of Doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Courts recognize that "situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint." *Id*.  However, a plaintiff still must plead sufficient factual detail to allow the court to reasonably infer that each defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must also allege sufficient facts to show how each Doe defendant individually violated his constitutional rights.  If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants." *Finefeuiaki v. Maui Police Dep't*, 2018 WL 4839001, at *3 (D. Haw. Oct. 4, 2018) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).  Consequently, if after screening Plaintiff's Third Amended Complaint, the Court finds it states a cognizable claim

against any identified John Doe defendant, the Court will order service and permit Plaintiff an opportunity to engage in discovery to ascertain the name of the John Doe defendants. Nothing precludes Plaintiff from submitted a request for information from CDCR as outlines in CDCR regulations for this information

According, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Doc. No. 21) is DENIED as premature.
2. Plaintiff's Motion for Ex Parte Motion for Discovery (Doc. No. 22) is DENEID as premature.
3. The Court will screen Plaintiffs' Third Amended Complaint (Doc. No. 23) filed on July 28, 2025 in due course.

Dated:  July 31, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE